Filed 1/25/21  P. v. Bryant CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091995 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF00515) |
| v. | |
| DENNIS GREGORY BRYANT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dennis Gregory Bryant asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

BACKGROUND

After making several unsubstantiated 911 calls reporting he was being harassed and threatened by unknown individuals, defendant entered a convenience store and intimidatingly approached an employee with a box cutter.  Defendant then barricaded himself in the store's bathroom.  Police officers arrived and after using a loudspeaker to order him to come out and received no response, officers breached the bathroom door with a battering ram and sent in a K-9 officer.  Defendant struck the dog before officers arrested him.  Defendant had removed the toilet to block the door and burned marks on the walls with a lighter.

Defendant was charged with two felonies, arson (Pen. Code, § 451, subd. (c))[1] and vandalism over $400 (§ 594, subd. (a)), and two misdemeanors, assaulting a police animal (§ 600, subd. (a)) and resisting a police officer (§ 148, subd. (a)(1)).  Defendant requested mental health diversion (§ 1001.36).  The court denied the request based on the recommendation of the behavioral health department that defendant would not benefit from diversion.  Defendant then pleaded no contest to all counts in exchange for probation.

At sentencing, the court suspended imposition of the sentence and placed defendant on three years formal probation with 225 days credit for time served.  The court also imposed various fines and fees.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

---

[1] Undesignated statutory references are to the Penal Code.

More than 30 days elapsed and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

                                              HULL, J.

We concur:

BLEASE, Acting P. J.

MURRAY, J.